Smith, P. J.
—Before making the motion which resulted in the order now appealed from, the defendant moved that the plaintiff be required to separately state and number the causes of action contained in the complaint. That motion was founded upon the idea that the complaint contained several causes of action. The motion was denied, however, upon the ground that upon the argument of it the plaintiff’s counsel elected that the complaint should be regarded and held as a complaint in an action of nuisance under section 1660 of the Code of Civ. Procedure. Thereupon the defendant moved to strike out portions of the complaint, upon the assumption that they are irrelevant or redundant, treating the complaint as containing but one cause of action, and that, a cause of action of the nature indicated by the court in deciding the previous motion.
It appears by the opinion of the judge at special term . that in deciding the motion to strike out, the judge regarded each portion of the complaint specified in the notice of motion as an entirety, and he held that the motion could not be granted as to a part of a specified portion and denied as to the residue of such portion. The rule indicated by him is not an absolute one, to be applied in all cases, but it is competent for the special term to adopt it, in its discretion, in a proper case, and we think there was no abuse of discretion in applying it in the present instance.
In view of that rule, we think the portions of the order *67 appealed from were properly made, and ought not to be disturbed. The gist of the allegations contained in the first portion of the complaint, which the court refused to strike out, is, that whereas the defendant was incorporated for the sole purpose of constructing and maintaining a line or lines, of electric telegraph, it has constructed and maintained instead, a fine or lines of telephone, the construction and use of which are radically different from what was authorized by the defendant’s charter, and the burden of which upon the public/and the obstruction by which, of the streets, is of far greater extent than such as is required for a line or lines of electric telegraph, and is radically different.
These averments can not be said to be irrelevant to the question, whether the manner and extent of the occupation of the streets by the defendant’s constructions is a nuisance. Ñor are they perceived to be redundant; and as they are proper to be stated, the motion to strike out the portion of the pleading in which they are embraced was properly denied, within the rule above referred to. The judge was not called on to sift the entire portion to see whether it contained any words that might be rejected as unnecessary.
The same remarks apply to the portion of the complaint which contains allegations that the poles, cross-bars and wires erected by the defendant are intended and calculated to be, and have been, and are used solely for the purpose of rental to others by defendant for the use of the same by the lessees to communicate with each other by means of telephone, and are not lines of telegraph for the purpose of the transmission of messages by the defendant. If the defendant is using the streets, in the manner alleged, for a purpose not authorized by its charter, the fact is pertinent in an action for nuisance.
The only other matters which the court refused to strike out, are certain expressions in the complaint, and the schedules annexed to it, referring to “ electric light wires ” in a manner which implies that the existence of such electric light wires had been previously averred, which is not the case. It is true the complaint does not allege that the electric wires, which it avers were erected and maintained by the defendant, were electric “light” wires, and if the motion had been to strike out the word “light” alone, it probably would have been well founded. But the motion asked for too much, as the portions sought to be stricken out were pertinent in respect to the electric wires alleged to have been erected and maintained by defendant. Those wires, the complaint alleges, are strung upon poles placed in the streets, unnecessarily and without authority of law, and they imperil the safety of the public. If that be the *68 case, it seems to be quite immaterial whether the'wires are used for furnishing “light” or for the purpose of telegraphing, so far as the question of nuisance is concerned.
The order should be affirmed, with ten dollars costs and disbursements.
Bradley and Childs, JJ., concur.